**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MARY RICKARD,

                Plaintiff,

        - against -

NYC/HRA/HASA,

                Defendant.
----------------------------------------------------------X

MEMORANDUM AND ORDER

14-CV-1031 (SLT)(LB)

**TOWNES, United States District Judge:**

      Plaintiff Mary Rickard, proceeding *pro se*, brings this action against her former employer, alleging that she was underpaid between 1992 and 2002 in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("the ADEA"). By Order dated February 28, 2014, this Court granted plaintiff 30 days to replead to correct deficiencies in her complaint and cautioned her that failure to adequately replead would lead to dismissal of her complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (providing that if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint.) This Court specifically instructed Plaintiff that, in order to state a claim for relief under the ADEA, her Amended Complaint must:

(1) "allege that she was over 40 years old at the time of the alleged discrimination;"

(2) "must allege facts that would support a claim that she was discriminated against on the basis of her age;" and

(3) "should also include the dates of all relevant events and copies of the charge of discrimination which she filed with the state or local fair employment practices agency and that agency's determination letter, if available."

(Order at 5.) Plaintiff filed an Amended Complaint on March 17, 2014. The Amended Complaint is substantially identical to the Complaint Plaintiff initially filed with this Court. It

provides one additional fact – that Plaintiff was 65 years old when she retired in 2002. It does not, however, address any of the other deficiencies noted in this Court's February 28, 2014 Order. Nor does Plaintiff attach copies of the findings of any employment practices agencies to her Amended Complaint. Notably, Plaintiff's Amended Complaint does not recite a single fact suggesting that she was discriminated against, let alone discriminated against on account of her age. Her Amended Complaint merely reiterates that she worked as a case aide from 1992 to 2002 and was not notified that she may have been qualified for a more senior position – that of caseworker – in 1998 when she passed a caseworker exam. (Amd. Compl. at 4.) Despite having been given an opportunity to replead, Plaintiff still fails to state a claim for relief under the ADEA. Accordingly, Plaintiff's case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Clerk of Court is respectfully requested to close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, that *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

/s/(SLT)

_____
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
      March 31, 2014